UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| John Stevenson )<br>)<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>Trustees of the University of Massachusetts, )<br>the University of Massachusetts Medical )<br>School, UMASS Memorial Health Care, Inc., )<br>UMASS Memorial Medical Group, Inc. )<br>)<br>    *Defendants*. )<br>) | Civil Action No. |

## Complaint

1. John Stevenson, M.D., is an individual who resides in Hubbardston, Massachusetts and was, at all times relevant to this Complaint, a licensed medical doctor employed by the Defendants.

2. The Trustees of the University of Massachusetts governs the University of Massachusetts Medical School ("UMASS").

3. UMass Memorial Healthcare, Inc. is engaged in the business of providing medical services and UMASS Memorial Medical Group, Inc., is a non-profit corporation engaged in the business of providing medical services as a subsidiary corporation of UMASS Memorial Healthcare Inc. (collectively referred to as "UMASS Memorial").

4. UMASS and UMASS Memorial (collectively "the Defendants") were at all times relative to this Complaint co-employers and/or joint employers of the Plaintiff, John Stevenson.

1

### Jurisdiction

5. Jurisdiction is appropriate in this Court because this claim is based in substantial part on 42 USC §1983.

### Venue

6. Venue is proper in the Middle District Court of Massachusetts because the nexus of events giving rise to this cause of action occurred in Worcester County and because one or more Defendants maintain a principal place of business in the City of Worcester.

### Facts

7. Dr. Stevenson is a medical doctor, researcher, educator, and inventor. He is married with two disabled children for whom he is a primary caregiver. Dr. Stevenson has discovered groundbreaking medical treatments for his son and currently works in the field of medical research.

8. Dr. Stevenson was hired by the Defendants pursuant to the terms of an employment contract ("the Contract") dated August 1, 2002.

9. The Contract, pursuant to the terms agreed upon by the parties, was intended to renew each year, indefinitely, unless amended in writing with express agreement of all parties.

10. The Contract sets forth several material terms relevant to this Complaint, including but not limited to (in summary):

    a. Suspension – Dr. Stevenson could be suspended without pay with cause. Cause is defined in The Contract and limited to specific situations.

    b. Termination – Any party could terminate the Contract without cause, subject to a notice requirement. In the event the Defendants elected to terminate the Contract without cause, Dr. Stevenson was entitled to ten months' notice or, in the

alternative, ten months' severance. The Defendants were entitled to terminate Dr. Stevenson's employment for cause without notice. "Cause" is defined in the Agreement as a "material breach" of the terms of the Contract, with specific examples including but not limited to (in pertinent part):

  i. Fraud or dishonesty;
  ii. Criminal conviction;
  iii. Material negligence or misconduct;
  iv. Failure to follow UMASS Memorial policies and procedures and other rules of conduct made known to [Plaintiff] and applicable to all physicians.

c. Governing Rules, Regulations, and Bylaws – The Contract incorporates, by reference, a myriad of rules, regulations, bylaws, and procedures that can be found in other documents which govern the respective rights and obligations under the parties.

d. Due Process Procedures – The Contract sets forth due process procedures, some of which are articulated with specificity in the Contract and some of which are to be defined by incorporated rules, regulations, and bylaws set forth elsewhere.

11. Dr. Stevenson performed exceptionally well as a medical doctor for the Defendants for nearly twenty years, conducting tens of thousands of patient exams without complaint or incident.

12. As of 2019, Dr. Stevenson earned approximately four hundred thousand dollars per year.

13. In 2019, a non-English speaking patient complained about Dr. Stevenson's exam.

14. Prior to the examination, the patient declined the option of having an interpreter or chaperone present for the examination.

15. A review process was initiated and after full investigation it was determined that Dr. Stevenson's care was medically necessary and appropriate.

16. Dr. Stevenson continued to work without incident during the investigation.

17. At or around the same time the first investigation concluded, a second patient complained about Dr. Stevenson's examination in 2019.

18. The latter patient also declined the option of having a chaperone present.

19. Again, a full investigation was conducted.

20. However, prior to the second investigation, Dr. Stevenson was suspended without pay and adequate process and, on March 27, 2020, was informed that his employment with the Defendants would terminate effective April 15, 2020. Prior to his termination, the Defendants did not provide Dr. Stevenson with notice and an opportunity to be heard. The termination letter also cited no basis for "Cause" as defined in the Contract.

21. Thereafter, the matter was referred to the Board of Registration of Medicine ("BORM") for investigation. During this investigation, under the peer review policies of the Defendants, Dr. Stevenson was required to pay tens of thousands of dollars out of his own pocket to pay an attorney retained for the BORM proceeding. Although the Defendants had an applicable insurance policy, the Defendants afforded Dr. Stevenson only $20,000.00 for his defense but otherwise the Defendants failed to defend and indemnify Dr. Stevenson against these allegations that arose during the course of his employment.

22. Both peer review processes, presumably, where conducted in a thorough manner by qualified professionals with a duty to protect the complaining parties, if appropriate.

23. On June 5, 2020, the Peer Review Process determined that Dr. Stevenson's care of the second patient, as with the prior complaint, was medically appropriate and necessary.

24. Despite these findings, the Defendants did not reverse their decision to terminate the Plaintiff's employment on April 15, 2020, without providing notice and an opportunity to be heard.  No severance payments or renumeration for the suspension was provided upon termination.

25. Upon information and belief, the Defendants concluded that Dr. Stevenson violated a "chaperone policy" by allowing patients to undergo sensitive medical exams without a chaperone present.

26. However, the chaperone policy was not applied in the Sport Medicine Clinic – there was no published or written protocol or chaperone policy which applied to Dr. Stevenson (or all physicians).  Dr. Stevenson offered the relevant patients chaperones and both declined.  This was consistent with the practice of the Sports Medicine Clinic.

27. Pursuant to the terms of the Contract, Dr. Stevenson had a constitutionally protected property interest in: 1) unpaid wages during the pendency of his suspension; 2) his employment with the Defendants; and 3) ten months of pay he would have received had he received proper notice of his termination as it was without out cause.  Further, the Defendants owe him the additional costs that arose because of its failure to defend and indemnify him form allegations that arose during the course of employment.

28. The Plaintiff's request to file a private right to action in this matter was granted on May 4, 2021 by the Attorney General's Wage & Hour Division.

## **CLAIMS**

### **COUNT I – 42 USC § 1983 DUE PROCESS RIGHTS**

29. Based on the foregoing, UMASS and/or UMASS Memorial violated the Plaintiff's constitutional rights because: (1) He had a property right in his employment with the Defendants; (2) the Defendants did not afford him a due process hearing in accordance with Mass. Const. art. X, pt. 1 and the 14th Amendment to the United States Constitution; and (3) Dr. Stevenson received neither written notice nor an opportunity to be heard prior to his unpaid suspension and/or termination. Consequently, the Plaintiff suffered damages.

### **COUNT II – WAGE ACT VIOLATION**

30. The Plaintiff reasserts herein each allegation in paragraphs 1 through 28 as if set forth fully in this count of the Complaint.

31. Additionally, and/or alternatively, the Plaintiff asserts that pursuant to G.L. c. 149, § 148: (1) the Defendants were legally obligated to timely pay his wages during his suspension and for terminating him without cause; and (2) the Defendants failed or refused to timely pay him due and payable wages. Consequently, the Plaintiff suffered damages.

### **COUNT III – BREACH OF CONTRACT**

32. Plaintiffs reassert herein each allegation in paragraphs 1 through 28 as if set forth fully in this count of the Complaint.

33. Additionally, and/or alternatively, the Plaintiffs assert that UMASS breached its contract with the Plaintiffs because: (1) There was a valid, binding contract between the parties; and (2) The Defendant breached the terms of that contract by terminating him without cause, and/or not providing attendant renumeration upon separation and/or failing to defend and indemnify him. Consequently, the Plaintiffs suffered damages.

## REQUEST FOR RELIEF

**WHEREFORE**, the Plaintiff prays that this Honorable Court grant the following relief:

I. Judgment against the Defendants;

II. Damages, including compensatory (including back and front pay), trebled, emotional distress, punitive, and/or liquidated, to the Plaintiff, as authorized or mandated by applicable law, in an amount to be determined at trial;

III. Costs and any reasonable attorney's fees;

IV. Pre-judgment and post-judgment interest;

V. Appropriate injunctive, declaratory and other equitable relief; and

VI. Such other relief as this Honorable Court may deem just and appropriate under the circumstances.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: September 17, 2021

> Respectfully submitted,
> The Plaintiff,
> By his attorneys,
>
> /s/ John T. Martin
> John T. Martin, BBO# 676344
> KJC Law Firm LLC
> 10 Tremont Street, 5th Floor
> Boston, MA 02108
> jmartin@kjclawfirm.com
> (617) 720-8447

/s/Jamie Goodwin
Jamie Goodwin, BBO No. 673207
KJC Law Firm
10 Tremont Street, 5th Floor
Boston, MA 02108
jgoodwin@kjclawfirm.com
617-720-8447

Dated: September 17, 2021